UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARA L. MILLIRON SCHROEDL,

    Petitioner-Defendant,

v.

UNITED STATES OF AMERICA,

    Respondent-Plaintiff.

Case No. C09-0547-JLR-BAT

REPORT AND RECOMMENDATION

## INTRODUCTION

Petitioner, Sara L. Milliron Schroedl, has filed a 28 U.S.C. § 2255 motion to vacate or correct the eight month sentence the Court imposed on March 16, 2009 in CR08-363-JLR. Dkt. 1.[1] Through counsel, she argues that the admission at her sentencing hearing of unsworn statements, not subject to cross-examination, violated her due process rights. *Id.* She has also filed a motion requesting that a hearing on the motion be scheduled for May 15, 2009. Dkt. 6.

Because petitioner waived her right to appeal or bring a collateral attack against her conviction and sentence, the Court recommends her § 2255 motion be DENIED and that the case be DISMISSED. The Court also recommends petitioner's motion that a hearing be conducted be DENIED as moot.

---

[1] Dkt. refers to C09-0547-JLR-BAT; CR. refers to CR08-363-JLR, the underlying criminal conviction.

REPORT AND
RECOMMENDATION – 1

# BACKGROUND

## I. Criminal Proceedings

Petitioner pled guilty pursuant to a Plea Agreement. CR. 22. In paragraph eight of the Plea Agreement, the government agreed to recommend a sentence of imprisonment of 18 months or less. *Id.* at 6. The Plea Agreement also contained an appeal waiver. The waiver states:

> As part of the Plea Agreement and on the condition the Court imposes a sentence that does not exceed the sentence recommended by the United States in paragraph 8 above, Defendant waives to the full extent of the law:
>
> a. any right conferred by Title 18, United States Codes, Section 3742 to appeal the sentence, including any restitution order imposed; and any right to bring a collateral attack against the conviction and sentence including any restitution order imposed, except as it may relate to the effectiveness of legal counsel.

*Id.* at 12-13.

On March 16, 2009, petitioner appeared for sentencing. CR. 56. The government filed a sentencing memorandum recommending the Court impose 12 months of imprisonment. CR. 38 at 11. Petitioner's counsel filed a sentencing memorandum recommending the Court impose a sentence of probation. CR. 39 at 1. The Court sentenced petitioner to 8 months of imprisonment, 200 hours of community service and two years of supervised release; the Court also ordered restitution of $27,706.33. CR. 56. Petitioner's Judgment and Sentence allows her to self-report. CR. 58. On April 8, 2009, petitioner was notified that she was required to report on June 1, 2009 to FCI Phoenix, Satellite Camp, to begin her term of imprisonment. Dkt. 6.

## II. Section 2255 Proceedings

On April 20, 2009, petitioner filed the § 2255 motion now before the Court. Dkt. 1. Petitioner acknowledges the eight month sentence she received is below the U.S. Sentencing Guideline range, but argues it far exceeds the sentences imposed by Judge Settle and Judge Whaley

REPORT AND
RECOMMENDATION – 2

1 in similar cases. Dkt. 1 at 5. Petitioner contends her sentence is the product of unsworn statements presented by the government that petitioner could not challenge through cross-examination and that the introduction of these statements denied her a "fair sentencing hearing." *Id.* at 6.

## DISCUSSION

### I. Legal Standards

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct the sentence on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States. "A district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the prisoner's allegations fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996).

### II. Petitioner Has Waived Her Right To Collaterally Attack Her Sentence

Petitioner signed a Plea Agreement waiving her right to appeal or collaterally attack her sentence. A defendant's waiver of her right to appeal or collaterally attack her sentence is enforceable if "(1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998) (citations and quotation omitted).

Petitioner's Plea Agreement contains a clear and unambiguous waiver of the right to appeal or bring a collateral attack. CR. 22 at 12-13. The waiver was conditioned on imposition of a sentence not greater than 18 months. *Id.* Because petitioner received an eight month sentence,

the waiver applies with full force.

Petitioner also knowingly and voluntarily consented to the Plea Agreement's express terms. The plea agreement, which petitioner signed, states "Defendant acknowledges that she has entered into this Plea Agreement freely and voluntarily." *Id.* at 13. In addition, petitioner has failed to raise any issue as to the voluntariness of her appeal waiver in her § 2255 motion and therefore has waived that issue. *See United States v. Nunez*, 223 F.3d 956, 958-59 (9th Cir. 2000).

Accordingly, because petitioner's waiver of appeal and right to bring a collateral attack in her signed Plea Agreement is unambiguous, and knowingly and voluntarily made, her § 2255 motion should be dismissed. See *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991).

**III.     Need for an Evidentiary Hearing**

If a prisoner's allegations do not state a claim for relief or are so palpably incredible as to warrant summary dismissal, a court need not hold an evidentiary hearing. *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir.), *cert. denied*, 493 U.S. 869, (1989). Because petitioner has waived her right to collaterally attack her sentence, an evidentiary hearing need not be conducted.

**CONCLUSION**

For the reasons discussed above, the Court recommends that petitioner's 28 U.S.C. § 2255 motion to vacate and correct her 2009 federal court sentence be denied. The Court also recommends that petitioner's motion to schedule a hearing for May 15, 2009 be denied as moot. A proposed order accompanies this Report and Recommendation.

DATED this 28th day of April, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND
RECOMMENDATION – 4